## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN ILLINOIS

| | |
|---|---|
| **TODD HELMS,** | ) **CASE: 18cv8434** |
| **PLAINTIFF,** | ) **JUDGE** |
| **v.** | ) **MAG. JUDGE** |
| **VILLAGE OF CLARENDON HILLS, ILLINOIS,** | ) |
| **DEFENDANT.** | ) |

## COMPLAINT FOR MONETARY RELIEF

NOW COMES Plaintiff TODD HELMS, by counsel, Christopher Cooper, and files this Complaint pursuant to 38 U.S. Code § 4316 (Uniformed Services Employment and Reemployment Rights Act [USERRA]). Plaintiff states as follows through counsel:

## Nature of the Case

Plaintiff was an enlisted member of the United States Army. He served as a "reservist" contemporaneous with being employed as a police officer for the Village of Clarendon Hills, Illinois. In December 2018, following nearly 19 years of service to Clarendon Hills, Plaintiff retired from the Clarendon Hills Police Department. During the time period in which Plaintiff served as a policeman, he fought in combat in Afghanistan as a part of the United States Military.

Plaintiff Helms' participation in [United States] military service was a "substantial and motivating factor" of repeated adverse employment actions against him, imposed by Defendant, to include that Defendant maintained a work environment which was extremely hostile and intolerable to employees

1

who also served as United States Military reservists. Pursuant to the Continuing Violations Doctrine, Plaintiff asserts that for many years, the Village and some of members of its Police Department (who are opposed to service in the U.S. Military), ostracized and punished Plaintiff for his participation in the United States Military. By example, in 2008 when Defendant Clarendon Hills learned that Helms was on a U.S. Army roster, scheduled for deployment in support of the war effort in Iraq and Afghanistan, Plaintiff was told by Defendant Clarendon Hill's agent: *"You are screwing over your all of your co-workers" because the police department is "short staffed."* Defendant, by its then chief of police demanded that Plaintiff write United States Senator Dick Durbin and [to] ask him to cause the United States Army to rescind deployment orders (as in to remove Helms' name from the roster). The then chief added a threat, telling Helms that he (Helms) would be denied a promotion opportunity if he deployed. Under duress by Defendant Village and its then chief, Plaintiff was able to cause himself to be removed from the deployment roster.

Defendant Clarendon Hills removed Plaintiff as a Field Training Officer (FTO) because he served in the United States Military. As of recent, December 6, 2018, Plaintiff was informed by Defendant Village that unlike his fellow officers who did not serve our Country in the United States Military, that he would not be eligible to collect a retirement benefit of monies earned via accrued time.

2

Plaintiff's working conditions were intolerable and hostile because of Plaintiff's participation in United States Military. Defendant intended to dissuade Plaintiff from serving in the U.S. Military while employed as a Clarendon Hills Police officer. This leaves a United States Military member (assigned to reserve duties) employed by the Village of Clarendon Hills, having no choice but to give-up employment with the Village of Clarendon Hills.

## JURISDICTION & VENUE

(1)     Jurisdiction of this court arises under 28 U.S.C. §§1331, and pursuant to 38 U.S. Code § 4316 (Uniformed Services Employment and Reemployment Rights Act [USERRA]).

(2)     Venue is had through 28 U.S.C. § 1391. Defendant is a resident of Illinois in the geographic boundary for the U.S. District Court for Northern Illinois; and, a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

(1)     Plaintiff TODD HELMS is a legal adult and resident of Cook County, Illinois. Plaintiff was harmed by the Defendant in DuPage County, Illinois.

(2)     Defendant VILLAGE OF CLARENDON HILLS, ILLINOIS, is an incorporated municipality in DuPage County, Illinois with a business

address 1 Prospect Avenue, Clarendon Hills, IL 60514. Defendant harmed Plaintiff in DuPage, County, Illinois.

## FACTS

(1)     Plaintiff was an enlisted member of the United States Army ("USAR").  There came a point in time when he transitioned from "active duty" to serving as a "reservist."

(2)     Contemporaneous with military "reserve" duty, starting in the year 2000, Plaintiff was employed as a police officer for the Village of Clarendon Hills, Illinois.

(3)     In December 2018, Plaintiff retired from his employment with the Village of Clarendon Hills.

(4)     At all times herein, Defendant was aware of the Plaintiff's membership in the United States Military.

(5)     Defendant willfully and wantonly attempted to injure the United States and its Military beginning in 2003 to December of 2018. Namely, by each instance\action in or through which the Defendant punished Plaintiff for participation the U.S. Military, and or where the Defendant attempted to dissuade Plaintiff Helms from serving in the United States Military.

(6)     Plaintiff Helms was punished (material adverse employment actions) by Defendant for:  a) serving his Country in the United States Military; and, b) for attending and participating in weekend military drills and deployments to include in Afghanistan and Qatar.

4

(7)     Plaintiff retired from the employ of Clarendon Hills in large part because of the animus held by the Defendant for and toward United States Military personnel.

(8)     Plaintiff's participation in military service was a "substantial and motivating factor" of adverse employment actions imposed by Defendant on Plaintiff.

(9)     Plaintiff was punished by Defendant for his having attended and participated in weekend military drills and deployments, infra.

(10)     Defendant attempted to thwart efforts of the United States Army to have a ready and attentive fighting force, all based on animus of persons who participate in the U.S. Military.

(11)     Such actions were done by Defendant to willfully obstruct the Plaintiff's readiness to serve his Country;  therefore, the actions of the Defendant obstructed the recruiting and enlistment service of the United States, to the injury of the service of the United States.

**Cf. 18 U.S. Code § 2388 (Activities affecting armed forces during war)** which reads in part:  **(a)** "Whoever, when the United States is at war, willfully makes or conveys false reports or false statements with intent to interfere with the operation or success of the military or naval forces of the United States or to promote the success of its enemies; or Whoever, <u>when the United States is at war</u>, willfully causes or attempts to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or **<u>willfully obstructs the recruiting or enlistment service of the United States, to the injury of the service or the United States, or attempts to do so</u>**—

5

(12)     Plaintiff contends that such aforementioned violative action by Defendant was also to dissuade him from continuing to serve his country in the United States Armed Forces.

(13)     USERRA holds that an American patriot\military member cannot be deprived of, and or docked of those employment benefits for which he\she would have been entitled but for military service. Because Plaintiff served in the United States Military and in retaliation against him because he served our Country, Plaintiff was deprived by Defendant, of seniority benefits, and was deprived of thousands of dollars of salary, and accrued time, etc. because he fulfilled his obligation (with willingness) to attend and participate in military drills and deployments.

(14)   <u>Adverse Actions in violation of USERRA (and that Plaintiff complains pursuant to the continuing violations doctrine):</u>

a. March 2008: Plaintiff is on a military deployment mobilization list (one year). Plaintiff is told by Defendant's agent that the police department is short staffed; therefore, by "going on" deployments he is "screwing over all of" his "co-workers and the Village."  Thereafter, Defendant, by its then chief of police, demanded that Plaintiff write United States Senator Dick Durbin and [to] ask him to cause the United States Army to "rescind" the deployment order. The then chief of police joined the statement with a threat to Plaintiff Helms that he (Helms) would be denied a promotion opportunity if he deployed, the

basis of which would have been, having deployed. <u>Under duress by
Defendant Village and its then chief, Plaintiff was able to cause himself
to be removed from the deployment roster.</u>

a. May 18, 2011:  Plaintiff was verbally derided by Defendant
   Clarendon Hills for participation in military weekend… "drills."
   During the colloquy, attempts were made by Clarendon Hills to
   dissuade Plaintiff from continuing to participate in the United
   States Military;

b. December 18, 2013: Plaintiff removed as a Field Training Officer
   (FTO) because of his military service (esp., because he had
   participated in a 21-day U.S. Military war exercise);

c. April 2013: Defendant forces Plaintiff back to work in violation of
   USERRA's 90-day re-adjustment rule;

d. Spring of 2013: Plaintiff returns from a military deployment and
   learns that Clarendon Hills has deprived him of seniority credits
   and or benefits because he had been deployed;

e. Summer\Spring 2016: Plaintiff was deprived of an opportunity to
   participate in a Juvenile Officer Training course. In this regard, in
   this time period, Plaintiff received his annual review from Sergeant
   Wendy Porter. The review held that Plaintiff could make
   improvement by serving the department in another area of
   specialty. Approximately a week later, Plaintiff verbally notified

Sergeant Porter that he was, then and there, volunteering to go to Juvenile Officer Training. Plaintiff was denied the opportunity by Defendant Clarendon Hills. Sergeant Porter verbally told Plaintiff that the Department would not send him to "anymore training" if he was "still in the Military." And, Plaintiff was still in the Military and refused to attempt to get out of his enlistment;

f. December 2018: Plaintiff notified by Defendant that he was not going to receive monetary compensation for accrued time. The estimated time he had accrued and owed, is approximately 1160 hours, the value of which is approximately $19,000.

**Count I, Retaliation**
**Violation of 38 U.S. Code § 4316**
**(Uniformed Services Employment and Reemployment Rights Act [USERRA])**

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)     Defendant was acting under color of law.

(3)     The United States of America is presently at War and or in "conflicts, especially in the Country of Afghanistan (Cf. 18 U.S. Code § 2388(a).

8

(4)     Clarendon Hills attempted to prevent Plaintiff from deploying in a time of war, namely when our Country was fighting wars in Afghanistan and Iraq. Defendant engaged in violative conduct described in the Facts Section, supra., especially paragraphs a-f of the Facts Section, supra.

(5)     Defendant attempted to thwart efforts of the United States Army to have a ready and attentive fighting force, all based on Defendant's animus of a police officer's participation in the U.S. Military.

(6)     Such actions were done by Defendant to willfully obstruct the Plaintiff's readiness to serve his Country;  therefore, the actions of the Defendant obstructed the recruiting and enlistment service of the United States, to the injury of the service of the United States.

**Cf. 18 U.S. Code § 2388 (Activities affecting armed forces during war)** which reads in part:  **(a)** "Whoever, when the United States is at war, willfully makes or conveys false reports or false statements with intent to interfere with the operation or success of the military or naval forces of the United States or to promote the success of its enemies; or Whoever, when the United States is at war, willfully causes or attempts to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or **willfully obstructs the recruiting or enlistment service of the United States, to the injury of the service or the United States, or attempts to do so**—

(7)     Plaintiff's military service was a "substantial" and "motivating factor" which caused the adverse employment actions described above.

(8)     Clarendon Hills, the employer of Plaintiff, acted in a way that "would" and did communicate to a reasonable United States Military reservist (esp., Plaintiff) that Clarendon Hills intended to, and continues to

9

intend, to dissuade men and women from serving in the United States Military where such person is also an employee of the Clarendon Hills Police Department.

(9)    Defendant Clarendon Hills' conduct (to include omissions) was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(10)    Plaintiff suffered harm to include pain and suffering; stigma; humiliation;[1] and, stress (garden variety).

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $750,000.00, and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## Count II, Other Material Adverse Actions
## Violation of 38 U.S. Code § 4316 (Uniformed Services Employment and Reemployment Rights Act [USERRA])

(1)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)    Defendant subjected Plaintiff to material adverse employment actions where and when it altered his terms and conditions of employment joined with violations of USERRA (Facts Section incorporated herein) when

---

[1] Any use of the term humiliation in the complaint is inclusive of damage to a person's dignity.

and where Defendant Clarendon Hills engaged in the conduct described in the Facts Section.

(3)    Additionally, Defendant subjected Plaintiff to a hostile work environment which was pervasive in nature. The basis of the hostile work environment was an animus of and for Plaintiff's participation in the United States Military.

(4)    Plaintiff's military service was a "substantial" and "motivating factor" which caused the adverse employment actions.

(5)    Defendant Clarendon Hills's conduct (to include omissions) was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(6)    Plaintiff suffered harm to include pain and suffering; stigma; humiliation;[2] and, stress (garden variety).

WHEREFORE, and that there is sought, judgment against all Defendant for actual, general, special, compensatory damages in the amount of $750,000.00, and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**\*Plaintiff hereby makes a demand for a Jury.**

DATED: 12.23.2018
Respectfully Submitted,
s\Christopher Cooper, ESQ., Plaintiff's Counsel
Law Office of Christopher Cooper, INC.

---

[2] Any use of the term humiliation in the complaint is inclusive of damage to a person's dignity.

79 West Monroe Street, Suite 1213, Chicago, IL 60603
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com

Pursuant to 28 U.S.C. 1746, I, TODD HELMS, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

Plaintiff's Signature: s\Todd Helms, 12/23/18 (electronic signature by authorization of Plaintiff)


CERTIFICATE OF SERVICE:  The undersigned certifies that he filed the foregoing on ECF on 12/23//2018.  s\Christopher Cooper